UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONNA BLAKE, | ) |
| Plaintiff, | ) |
| | ) No. 4:09-CV-563 CAS |
| v. | ) |
| EXPRESS SCRIPTS, INC., et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Metropolitan Life Insurance Company's ("Met Life") Separate Motion to Dismiss Count II of Plaintiff's First Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff opposes the motion and it is fully briefed. For the following reasons, the Court will deny the motion to dismiss.

**Background**

Plaintiff Donna Blake filed this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq., against Express Scripts, Inc. and Met Life. At all relevant times, plaintiff was an employee of Express Scripts and was a participant and beneficiary of Express Scripts' Short Term Disability Compensation Plan ("STD Plan") and Long-Term Disability Plan ("LTD Plan"). The STD Plan is self-funded by Express Scripts and is not subject to ERISA. The LTD Plan is underwritten by Met Life, which is also the claims administrator, and is subject to ERISA.

Count I of the First Amended Complaint ("Complaint") is directed against Express Scripts and seeks STD Plan benefits. Plaintiff and Express Scripts have settled Count I, and plaintiff has dismissed her claims against Express Scripts. Count II of the Complaint is directed against Met Life

and seeks LTD Plan benefits. Under the terms of the STD Plan, benefits are payable for a maximum period of twenty-six weeks, and plaintiff alleges that the "LTD goes into effect upon expiration of the STD if supporting medical information is provided." Complaint, ¶ 14.

In the Complaint, plaintiff alleges that because she was denied STD Plan benefits, she was "denied the opportunity to partake in the benefits of the group Long Term disability plan to which she was entitled to benefits," Complaint, ¶¶ 2, 25, and that she has exhausted all administrative remedies available to her under the plan. Id., ¶ 29. Plaintiff further alleges that denial of her STD Plan claim (1) "prevented her from applying for LTD benefits from the LTD Plan, as she was required to satisfy the applicable period of STD before becoming eligible for LTD benefits," id., ¶ 38, and (2) "made any action regarding LTD benefits an exercise in futility as she had not met the required period of STD." Id., ¶ 39.

**Legal Standard**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff need not provide specific facts in support of her allegations, Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir.), cert. denied, 129 S. Ct. 222 (2008) (citing Twombly, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly,

550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." Id. at 562 (quoted case omitted). This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." Id. at 556.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," id. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Twombly, 550 U.S. at 555-56; Fed. R. Civ. P. 8(a)(2).

**Discussion**

Met Life moves for dismissal of plaintiff's claim for LTD Plan benefits in Count II on the basis that plaintiff has failed to exhaust administrative remedies available under the Plan. Met Life asserts that Count II is premature at best, as plaintiff does not allege that she applied for LTD benefits, that Met Life made any adverse determination with respect to any claim by plaintiff for LTD benefits, or that plaintiff exhausted the Plan's administrative remedies with respect to LTD benefits. Met Life states that plaintiff's allegations that the denial of her STD claim prevented her from applying for LTD and that any action regarding LTD benefits would have been futile, are nothing more than a contention that she might be entitled to LTD benefits if her claim for STD benefits is found to have been improperly denied. Met Life asserts that plaintiff has not alleged a present right to LTD benefits and has failed to state a claim on which relief may be granted, so Count II must be dismissed without prejudice subject to plaintiff's right to apply for LTD benefits and to exhaust her administrative remedies under the LTD Plan.

Met Life also states in its motion to dismiss that because plaintiff has settled with Express Scripts on the STD benefits issue, if plaintiff files a claim for LTD benefits within a reasonable time, it will consider and adjudicate the LTD claim.

Plaintiff responds that she pleaded in her Complaint that she has been effectively barred from filing for LTD benefits because her claim for STD benefits was denied, that as a result she has effectively exhausted her administrative remedies, and thus she has stated a valid claim for relief in the Complaint. Plaintiff further responds that she has requested an application for LTD benefits under the LTD Plan but has not received it, and has agreed to provide updated medical information to Met Life in response to its indication that her claim would be considered informally. Plaintiff states that if her Complaint is dismissed, she should be provided with an application for LTD benefits prior to dismissal or, in the alternative, the case should be stayed for ninety days to enable her to submit medical documentation to Met Life for administrative review on her claim for LTD benefits.

Met Life replies that plaintiff's Complaint contains only conclusory assertions that the denial of STD benefits deprived her of the ability to apply for LTD benefits, and fails to state a claim on which relief can be granted against it. Met Life states that plaintiff's settlement of her STD claims with Express Scripts eliminates any previous obstacle to plaintiff's application for LTD benefits. Met Life further states it "was not aware until receipt of Plaintiff's response to Met Life's motion to dismiss, that despite Met Life's agreement to consider the medical documentation Plaintiff will submit, Plaintiff also wishes to receive an application for LTD benefits." Reply at 3. Met Life states that plaintiff's counsel has been provided with information about applying for LTD benefits, but because the parties are in settlement negotiations, "Met Life would expect that before submitting a claim for LTD benefits, Plaintiff would submit medical documentation informally, as she agreed, so that Met Life can consider it in evaluating her settlement demand." Reply at 4.

"In this circuit, benefit claimants must exhaust [the plan benefits appeal] procedure before bringing claims for wrongful denial to court." Galman v. Prudential Ins. Co. of Am., 254 F.3d 768, 770 (8th Cir. 2001). "Where a claimant fails to pursue and exhaust administrative remedies that are clearly required under a particular ERISA plan, his claim for relief is barred." Layes v. Mead Corp., 132 F.3d 1246, 1252 (8th Cir. 1998). "A party may be excused from exhausting administrative remedies . . . if further administrative procedures would be futile," however, and "[a]n administrative remedy will be deemed futile if there is doubt about whether the agency could grant effective relief." Ace Prop. & Cas. Ins. Co. v. Federal Crop Ins. Corp., 440 F.3d 992, 1000 (8th Cir. 2006). Nonetheless, "'[U]nsupported and speculative' claims of futility do not excuse a claimant's failure to exhaust his or her administrative remedies." Midgett v. Washington Group Int'l Long Term Disability Plan, 561 F.3d 887, 898 (8th Cir. 2009) (quoting Klaudt v. U.S. Dep't of Interior, 990 F.2d 409, 412 (8th Cir. 1993)).

Plaintiff has pleaded in the Complaint that by virtue of the denial of her claim for STD benefits, she was unable to apply for LTD benefits. The Court must accept these allegations as true on a motion to dismiss. As stated above, futility can excuse the administrative exhaustion requirement. Because this is a motion to dismiss, the Court does not consider matters outside of the pleadings, specifically the parties' representations concerning plaintiff's settlement with Express Scripts and subsequent negotiations between plaintiff and Met Life. Although these factual issues would be material on a motion for summary judgment, only the Complaint is relevant on a motion to dismiss.

The cases relied on by Met Life are distinguishable from this case. In Midgett, the Eighth Circuit held that plaintiff's claim for long-term disability benefits was properly dismissed for failure to exhaust administrative remedies, although plaintiff argued that applying for long-term benefits

5

would have been futile based on the denial of her short-term disability claim. 561 F.3d at 898-99. The Eighth Circuit had the relevant plan language before it, which indicated that plaintiff did not need to obtain short-term disability benefits before she could be eligible for long-term disability benefits, and could apply for long-term benefits after the later of (1) the exhaustion of all of her accumulated sick leave, or (2) twenty-six weeks after the date she became disabled. Id. at 899. Under the circumstances, the Eighth Circuit found that dismissal of plaintiff's long-term disability claim for failure to exhaust administrative remedies was proper. There is no similar record before this Court concerning an alternate means for plaintiff to obtain long-term disability benefits.

In Anthony v. Layne Christiansen Co., 2005 WL 2875084 (E.D. Ark. Nov. 1, 2005), the district court granted the defendant's motion for summary judgment and dismissed plaintiff's claim for long-term disability benefits without prejudice for failure to exhaust administrative remedies. The district court stated that it denied an earlier motion for judgment on the pleadings based on plaintiff's allegation in his complaint that he was precluded from applying for long-term benefits because the defendant denied his claim for short-term benefits. Id. at *9. The court determined that plaintiff had "successfully 'pleaded' exhaustion of all non-futile administrative remedies." Id. at *10. The instant case is in a substantially similar procedural posture, and Anthony therefore supports the denial of Met Life's motion to dismiss.

The court in Anthony was subsequently presented with a motion for summary judgment which included evidence that plaintiff had applied for long-term disability benefits, defendant initially considered the application, and then decided to cease further consideration of the claim while the lawsuit was pending. Upon review of the additional materials, the court determined that plaintiff's claim for long-term disability benefits should be denied without prejudice pending administrative

exhaustion.  Id. at *10.  Anthony is therefore readily distinguishable because the court was considering the matter on summary judgment with a record before it.

**Conclusion**

For the foregoing reasons, the Court finds that plaintiff has adequately pleaded exhaustion of all non-futile administrative remedies, and defendant's motion to dismiss should therefore be denied. It may well develop that plaintiff's Complaint is subject to dismissal for failure to exhaust administrative remedies when challenged by a means other than a motion to dismiss, or the parties may be able to resolve her LTD claims.  In any event, the Court urges the parties to communicate with each other openly and directly on issues regarding the review of plaintiff's LTD claim.  Further, the parties should cooperate to seek resolution of this matter and avoid becoming distracted by disagreements over such issues as whether plaintiff's LTD claim should be handled informally or by formal application.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Metropolitan Life Insurance Company's Separate Motion to Dismiss Count II of Plaintiff's First Amended Complaint is **DENIED**. [Doc. 27]

                                             **CHARLES A. SHAW**
                                             **UNITED STATES DISTRICT JUDGE**

Dated this   14th   day of September, 2009.